UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE: | |
| PREMIER ENTERTAINMENT BILOXI LLC (D/B/A HARD ROCK HOTEL & CASINO BILOXI) AND PREMIER FINANCE BILOXI CORP., | CASE NO. 06-50975-NPO |
| DEBTORS. | CHAPTER 11 JOINTLY ADMINISTERED |
| PREMIER ENTERTAINMENT BILOXI LLC (D/B/A HARD ROCK HOTEL & CASINO BILOXI) AND PREMIER FINANCE BILOXI CORP. | PLAINTIFFS AND COUNTER-DEFENDANTS |
| VS. | ADV. PRO. NO. 07-05043-NPO |
| U.S. BANK NATIONAL ASSOCIATION, PACIFIC INVESTMENT MANAGEMENT COMPANY, LLC, DEUTSCHE ASSET MANAGEMENT, AND CASTLERIGG MASTER INVESTMENTS LTD. | DEFENDANTS AND COUNTER-PLAINTIFFS |

ORDER GRANTING MOTION FOR CERTIFICATION OF
FINAL JUDGMENT IN ADVERSARY PROCEEDING TO
UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

This matter came on for hearing on December 1, 2010 (the "Hearing"), on the Motion for Certification of Final Judgment in Adversary Proceeding to United States Court of Appeals for the Fifth Circuit (the "Motion") (Adv. Pro. Dkt. 119) filed by Premier Entertainment Biloxi LLC (d/b/a Hard Rock Hotel & Casino Biloxi) and Premier Finance Biloxi Corp. (together referred to as the "Debtors" or the "Reorganized Debtors," as applicable). The Reorganized Debtors request

certification of their appeal to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 158(d)(2)(A) from: (1) the Amended and Corrected Final Judgment on Complaint for Declaratory Judgment with Respect to Disputed Liquidated Damages Claims and Related Objections to Proofs of Claim Nos. 101, 102, 103, 104, 108 and 115 filed by U.S. Bank National Association Pursuant to Bankruptcy Rule 3007 and Counterclaims (the "Final Judgment") (Adv. Pro. Dkt. 107) entered by this Court on September 16, 2010; and (2) the Memorandum Opinion on Complaint for Declaratory Judgment with Respect to Disputed Liquidated Damages Claims and Related Objections to Proofs of Claim Nos. 101, 102, 103, 104, 108 and 115 filed by U.S. Bank National Association Pursuant to Bankruptcy Rule 3007 and Counterclaims (the "Opinion") (Adv. Pro. Dkt. 102) entered by this Court on September 3, 2010.

The Reorganized Debtors filed their Notice of Appeal (the "Appeal") (Adv. Pro. Dkt. 109) to the United States District Court for the Southern District of Mississippi (the "District Court") on September 30, 2010. U.S. Bank National Association ("U.S. Bank") and Pacific Investment Management Company, LLC, Deutsche Asset Management, and Castlerigg Master Investments Ltd. (together, the "Noteholders" and collectively with U.S. Bank, the "Claimants") filed their Corrected Notice of Cross-Appeal (the "Cross-Appeal") (Adv. Pro. Dkt. 114) to the District Court on October 14, 2010.

The Motion, which includes the Reorganized Debtors' statement of the basis for the certification as required by Rule 8001(f)(3)(C) of the Federal Rules of Bankruptcy Procedure, is attached hereto as an exhibit. The Claimants did not file a response to the Motion. At the Hearing, the Claimants stated that they do not dispute that the Final Judgment satisfies at least one of the

criteria for certification but do not join in the Motion because they do not agree with all of the Reorganized Debtors' statements.[1]

The Final Judgment awards the holders of notes issued by the Debtors in the initial amount of $160 million under the provisions of an indenture, an allowed unsecured claim under 11 U.S.C. § 502 in the amount of $9,574,123, plus interest at the federal judgment rate. As set forth in the Opinion, the claim arose as the result of damages sustained by the Noteholders and other holders of notes issued under an indenture as the result of the Debtors' breach of a no-call provision that prohibited any repayment of the notes until February 1, 2008. In the Appeal, the Reorganized Debtors challenge the award *in toto*; in the Cross-Appeal, the Claimants challenge the amount of the award.

Two bankruptcy court decisions, In re Calpine Corp. (CalGen), 365 B.R. 392 (Bankr. S.D.N.Y. 2007) and In re Solutia, Inc., 379 B.R. 473 (Bankr. S.D.N.Y. 2007), represent the current conflict regarding the extent to which a claim exists under bankruptcy law for breach of a no-call provision. In the absence of any controlling authority from the Fifth Circuit or from the United States Supreme Court, the Opinion largely follows the rationale set forth in CalGen. The existence of this conflict and the decision reached by this Court in the Opinion were recently discussed in In re Chemtura Corp., No. 09-11233, 2010 WL 4272727 (Bankr. S.D.N.Y. Oct. 21,

---

[1] The Reorganized Debtors and Claimants submitted a proposed order to the Court which incorporated these two representations by the Claimants: (1) "U.S. Bank and the Noteholders do not oppose the relief sought in the motion but do not concur with each of the arguments set forth in the motion"; and (2) "U.S. Bank and the Noteholders do not dispute that the Final Judgment satisfies at least of [sic] one the criteria for certification required by 28 U.S.C. § 158(d)(2)(A)." The Court did not sign the proposed order because it did not fully set forth the basis for certification.

2010). When combined, the Opinion and Chemtura provide more than 100 pages of jurisprudence on the issues raised in the Appeal and Cross-Appeal.

Notably, the Cross-Appeal is the second appeal filed by the Claimants in this bankruptcy case. Previously, the Claimants appealed an order confirming the Debtors' plan of reorganization to the District Court, which dismissed the appeal as equitably moot. The Fifth Circuit affirmed the dismissal of that appeal in Premier Entertainment Biloxi LLC v. Pacific Investment Management Co. (In re Premier Entertainment Biloxi), No. 08-60349, 2009 WL 1616681 (5th Cir. June 9, 2009). Given this history and the amount of funds in dispute, it is likely that one or both parties will appeal any decision reached by the District Court. A direct appeal will significantly reduce the time expended in finally resolving this matter and would relieve the District Court of an unnecessary burden.

Having considered the arguments of counsel, the case law in this and other jurisdictions, and the importance of this matter, the Court concludes that direct appeal will serve the twin purposes of 28 U.S.C. § 158(d)(2), namely, to expedite appeals in significant cases and to generate binding appellate precedent. See Bank of New York Trust Co. v. Official Unsecured Creditors' Committee (In re The Pac. Lumber Co.), 584 F.3d 229, 241-42 (5th Cir. 2009). Specifically, the Court finds that the Appeal and Cross-Appeal qualify for certification on the following grounds: (1) that the Final Judgment and Opinion involve a question of law as to which there is no controlling decision of the Fifth Circuit or of the United States Supreme Court, (2) that the Final Judgment and Opinion involve a question of law requiring resolution of conflicting decisions in the bankruptcy courts, and (3) that an immediate appeal will materially advance the progress of this

proceeding.

IT IS, THEREFORE, ORDERED that the Motion is hereby granted.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 158(d)(2)(A), the Appeal and Cross-Appeal are hereby certified for direct appeal to the Fifth Circuit.

SO ORDERED.